<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>        v.<br><br>THE PREMIER HEALTHCARE SOLUTION, LLC, *et al.*,<br><br>    Defendants. | No. 21cv11460 (EP) (SDA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Securities and Exchange Commission (the "SEC") brings this civil enforcement action against Defendants The Premier Healthcare Solution, LLC ("Premier") and Josiah David. The SEC alleges that Defendants committed securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder and Section 17(a) of the Securities Act of 1933 ("Section 17(a)") by making false and misleading statements to prospective purchasers of "ownership units" in Premier regarding the company's management, banking relationships, intellectual property, and legal opinion letters. D.E. 1.

The Court previously granted the SEC's motion for summary judgment on the issue of liability only for each of its claims against Defendants. D.Es. 124 ("MSJ Opinion") & 125 ("MSJ Order") (collectively, the "MSJ Opinion and Order"). More specifically, the Court held that the SEC had sufficiently proven that Defendants made one or more false or misleading statements with respect to each of the four topics about which the SEC had alleged Defendants made unlawful statements: Premier's (1) management, (2) relationships with bankers, (3) patents, and (4) legal opinion letters regarding its business. *See* MSJ Opinion.

Defendants now move for reconsideration of the MSJ Opinion and Order. D.E. 142.[1]  The

SEC opposes. D.E. 147 ("Opposition" or "Opp."). In compliance with Local Civil Rule 7.1(i),

Defendants did not reply. *See* Dkt. The Court decides the Motion without oral argument. *See*

Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). For the following reasons, the Court will **DENY** Defendants'

Motion.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court may grant a motion for

reconsideration if the moving party shows one of the following: "(1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court [reached

its original decision]; or (3) the need to correct a clear error of law or fact to prevent manifest

injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Motions for reconsideration

should be granted sparingly."[2] *Williams*, 32 F. Supp. 2d at 238. Mere disagreement with the

Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F.

Supp. 2d 339, 345 (D.N.J. 1999). A motion for reconsideration is not a litigant's "second bite at

---

[1] For ease of reference, the Court refers to D.E. 142, Defendants' brief in support of its motion for reconsideration, as "Motion" or "Mot." Defendants filed the notice of motion at D.E. 133, along with hundreds of pages of exhibits (D.Es. 133-1–8), without filing the accompanying brief, but the Court granted Defendants' request for an extension of time to file the brief (later filed at D.E. 142). *See* D.E. 138.

[2] "Motions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last, but not least, reconsideration of dispositive decisions on grounds advanced by [movant] hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice." *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998).

the apple" so that he can merely reargue his position.  *Levi v. Holt*, No. 05-1533, 2006 WL 680852, at *1 (M.D. Pa. Mar 16, 2006).

## II.    ANALYSIS

Defendants move for reconsideration because: (1) the two declarations they have submitted in support of their Motion—one from David, D.E. 133-2 ("Reconsideration David Declaration"), and one from Board President of Premier, J. Michael Kafes, D.E. 133-3 ("Reconsideration Kafes Declaration")—as well as the forty-two exhibits accompanying those declarations, D.E. 133-4–8 ("Reconsideration Exhibits")[3]—raise genuine disputes of material fact precluding summary judgment, (2) the Court erred in considering investor affidavits submitted by the SEC at summary judgment, and (3) the Court erred in excluding unsworn investor affidavits submitted by Defendants at summary judgment.  *See* Mot.

As further explained below, each of Defendants' arguments regarding each of these supposed bases for reconsideration fail, and, so, the Court will **DENY** Defendants' Motion.

### A.    Defendants' Newly Submitted Evidence Does Not Provide a Basis for Reconsideration

The primary basis on which Defendants move for reconsideration is that the Reconsideration David Declaration, Reconsideration Kafes Declaration, and Reconsideration Exhibits establish genuine issues of material fact as to "the SEC's claims of materiality and scienter and provide the factual context that the Court did not have before summary judgment."  *See* Mot. at 1–5, 8–13.  According to Defendants,

> [t]he Court's Opinion emphasized what it viewed as "bald" denials by Defendants without supporting evidence.  Defendants acknowledge that their earlier opposition [to the SEC's motion for summary judgment] focused primarily on constitutional and procedural issues—including the right to a jury trial under the Eighth Amendment and the reasoning of *SEC v. Jarksey*—rather than a full evidentiary

---

[3] Together, the Reconsideration David Declaration, the Reconsideration Kafes Declaration, and the Reconsideration Exhibits contain hundreds of pages.

rebuttal. At the time, Defendants believed in good faith that disputed factual issues would properly be reserved for a jury and did not fully appreciate the Court's expectation for evidentiary support at the summary judgment stage.

*Id.* at 1 (citation modified).

The Court, however, agrees with the SEC that the Reconsideration David Declaration, the Reconsideration Kafes Declaration, and the Reconsideration Exhibits do not provide a basis for reconsideration of the MSJ Opinion and Order because they do not constitute "newly discovered evidence," *see Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), nor do they demonstrate that the MSJ Opinion contained clear errors of fact that, if left uncorrected, would lead to manifest injustice.

As the Third Circuit has made clear, "'new evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* at 252 (citing *De Long Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1139–40 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981)); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."). Here, while Defendants claim that "[e]arlier on in the case, Defendants' ability to marshal records was hampered by asset freezes and government seizures," they admit that "those constraints no longer directly prevented submissions at the summary judgment stage." Mot. at 1. And Defendants do not suggest that any of the evidence they submitted in support of their Motion was not available to them at the time of the summary judgment briefing. *See id.*

Instead, Defendants profess that they did not "fully appreciate the Court's expectation for evidentiary support at the summary judgment stage" and so "focused primarily on constitutional and procedural issues—including the right to a jury trial under the Eighth Amendment and the reasoning of *SEC v. Jarksey*—rather than a full evidentiary rebuttal." Mot. at 1 (citation modified). But whether Defendants made a strategic choice not to present the evidence they now submit or did so erroneously (or both), "[i]t is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices . . . [nor] to rescue parties from their own errors." *Conway v. A.I. duPont Hosp. for Child.*, No. 04-4862, 2009 WL 1492178, at *7 (E.D. Pa. May 26, 2009); *Shnewer v. United States*, No. 13-3769, 2016 WL 4424949, at *6–8 (D.N.J. Aug. 18, 2016) (finding no manifest injustice warranting reconsideration where decision challenged at reconsideration was "either a strategic choice by [the plaintiff] or was in error"), *aff'd*, 703 F. App'x 85 (3d Cir. 2017). That's because "[a] party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable," where "the record presented [is] so patently unfair and tainted that the error is manifestly clear to all who view it." *Teri Woods Pub., L.L.C. v. Williams*, No. 12-4854, 2013 WL 6388560, at *2 (E.D. Pa. Dec. 6, 2013) (quoting *In re Titus*, 479 B.R. 362, 367–68 (Bankr. W.D.Pa. 2012)). Courts have found manifest injustice, for instance, where a defendant's guilty plea is involuntary or is based on a plea agreement that the prosecution rescinds, *id.* at 3, or where it was not apparent that evidence clearly establishing that a court's decision was incorrect later raised on reconsideration should have been raised earlier in the case, *see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677–78 (3d Cir. 1999). This is not such a case. Here, Defendants chose not to submit the Reconsideration David Declaration, the Reconsideration Kafes Declaration, and Reconsideration Exhibits at summary judgment—choosing, in effect, to fly in the face of Federal Rule of Civil

5

Procedure 56(c)(1)'s and Local Civil Rule 56.1(a)'s explicit requirements that parties opposing summary judgment support *with evidence* any assertion that a fact is disputed.  "Allowing a party recourse for actions taken solely within their province," like the ones Defendants took here, "would stretch the definition of 'manifest injustice' beyond comprehension and turn motions for reconsideration into a safe harbor for ill[-]conceived litigation strategies."  *Teri Woods*, 2013 WL 6388560, at *3 (citing *Conway*, 2009 WL 1492178, at *7).

In any event, the Court finds that the Reconsideration David Declaration, the Reconsideration Kafes Declaration, and Reconsideration Exhibits, as well as the factual arguments Defendants make in their Motion, do not, as Defendants claim, establish that the Court indisputably erred in holding as a matter of law that Defendants made one or more false or misleading statements with respect to Premier's management, relationships with bankers, patents, and legal opinion letters regarding its business.  As the SEC aptly explains in its Opposition, *see* Opp. at 6–15, none of the facts Defendants now cite raise a genuine dispute as to any of those statements.  In fact, Defendants had previously made many of the same arguments in opposition to the SEC's motion for summary judgment, all of which the Court then rejected in the MSJ Opinion of which Defendants now seek reconsideration.  *Compare, e.g.*, Mot. at 11–12 (asserting that representations made in investor materials regarding patents were not false or misleading because although David was listed as the applicant on the patent applications about which Defendants made representations, the "'Premier Board and David ha[d] a mutual understanding' of Premier's ownership" (quoting D.E. 117, Kafes' declaration submitted in opposition to summary judgment)), *with* MSJ Opinion at 47 (quoting the same language from the same Kafes declaration in rejecting that same argument).  "It is well established that the motion for reconsideration is not a vehicle to

rehash arguments." *IQVIA, Inc. v. Veeva Sys., Inc.*, No. 17-177, 2025 WL 957640, at *4 (D.N.J. Mar. 31, 2025). The Court will not permit Defendants to do so here.

Accordingly, because Defendants have not demonstrated that the Reconsideration David Declaration, the Reconsideration Kafes Declaration, and Reconsideration Exhibits constitute newly discovered evidence or compel the conclusion that manifest injustice would result if the Court did not reconsider its determination that there is no genuine dispute that Defendants made false or misleading statements, the Court declines to reconsider that determination.

**B.    Defendants Forfeited Their Challenge to the SEC's Investor Affidavits**

Defendants also move for reconsideration on the basis that the Court improperly considered three affidavits from Premier investors submitted by the SEC in support of its motion for summary judgment, D.Es. 113-30, -31, -49 (the "SEC's Investor Affidavits"). *See* Mot. at 6. Defendants' argument is unavailing.

For one, Defendants forfeited their challenge to the SEC's Investor Affidavits by failing to raise it at summary judgment. Defendants never argued, as they do now, that the affidavits are inadmissible because the affiants lacked personal knowledge as to the topics discussed in their affidavits or because the affidavits fail to establish that the affiants relied on the documents in which Defendants made the false or misleading statements at issue in this action. *Compare, e.g.*, Mot. at 6–8, *with* D.Es. 114 ("Defendants' Opposition to MSJ") (containing absolutely no mention of the SEC's Investor Affidavits) & 115 ("Defendants' Response to the SEC's Statement of Material Facts") ¶¶ 588–89 (raising no objection as to the admissibility of the affidavits). Defendants' failure to raise those challenges is fatal to their attempt to do now. *Metacel Pharms. LLC v. Rubicon Rsch. Priv. Ltd.*, No. 21-19463, 2023 WL 5939903, at *2 (D.N.J. Sept. 12, 2023) ("[B]ecause this a motion for reconsideration, [the party moving for reconsideration] cannot raise arguments here that [it] did not raise in opposition to the underlying motion."), *aff'd*, No. 23-2386,

7

2025 WL 1178384 (Fed. Cir. Apr. 23, 2025) (applying Third Circuit law in finding "no abuse of discretion in [this Court's] rejection of . . . arguments as belated because they were raised for the first time as part of [a] motion for reconsideration"); *In re Coinbase Glob., Inc. Sec. Litig.*, No. 22-4915, 2025 WL 1040633, at *4 (D.N.J. Apr. 8, 2025) ("New arguments cannot serve as a basis for the Court's reconsideration of its prior [o]rder, nor can [d]efendants revive their previous motion . . . with a more detailed argument that was not raised in the first instance." (citation modified)).

And, even if the Court were to consider the new arguments now raised by Defendants, Defendants have failed to demonstrate that allowing to stand the Court's decision to consider the SEC's Investor Affidavits in determining whether Defendants' false or misleading statements were material would result in manifest injustice. As the SEC correctly points out, *see* Opp. at 19, the Court held that the false or misleading statements made by Defendants were material *as a matter of law*. *See* MSJ Opinion at 25–28, 41–42, 48–51, 57–59. In doing so, the Court applied the correct standard to this *objective* materiality inquiry—whether there is "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Id.* at 25 (quoting *Basic v. Levinson*, 485 U.S. 224, 231–32 (1988)). But Defendants do not address the Court's extensive materiality analysis focusing on how the reasonable investor would view Defendants' false or misleading statements. Instead, they now quibble with the Court's "accept[ance] and reli[ance]" on the affidavits. *See* Mot. at 6–8. As the Court explicitly explained in its MSJ Opinion, however, its materiality determination did not rest on the SEC's Investor Affidavits, *see* MSJ Opinion at 27–

28 n.25,[4] which it mentioned only in four footnotes (in a sixty-one-page opinion).[5]  Accordingly,

even if the Court were to decide to consider Defendants' forfeited challenge to the SEC's Investor

Affidavits and further hold that it erred in considering those affidavits,[6] its conclusion that the SEC

had established materiality as a matter of law such that it was entitled to summary judgment would

remain unchanged.  There is therefore no basis for the Court to reconsider its grant of summary

judgment to the SEC based on its use of the SEC's Investor Affidavits.  *Cf. Max's Seafood Cafe*,

176 F.3d at 677–79 (finding manifest injustice where the court made a clear error that resulted in

the imposition of liability to a certain defendant).

> **C.      The Court Did Not Err in Excluding Defendants' Investor Affidavits**

Finally, Defendants argue that the Court erred in excluding the unsworn investor affidavits

they submitted in opposition to the SEC's motion for summary judgment, D.E. 122-2, Exs. 1–2

("Defendants' Investor Affidavits").  That argument, like those addressed *supra* Section I.A–B,

fails.

Most fundamentally, as the Court explained in discussing Defendants' challenge to the

SEC's Investor Affidavits, the Court found the false or misleading statements made by Defendants

material to the reasonable investor.  *See supra* Section I.B.  Accordingly, consideration of

Defendants' Investor Affidavits would not have disturbed that conclusion.

---

[4] The Court explained: "While the materiality standard asks whether a fact 'would have been viewed by the *reasonable investor* as having significantly altered the 'total mix' of information,' *Basic*, 485 U.S. at 231–32 (emphasis added), rather than whether investors would have changed their investment decisions, the Court notes that several investors in Premier have submitted sworn affidavits [outlining their views on whether David's criminal history should have been disclosed]." *Id.*

[5] *See id.* at 27–28 n.25, 41 n.32, 50 n.39, 58 n.45.

[6] For the reasons outlined by the SEC in its Opposition at 18–19, the Court did not, in fact, err in considering the SEC's Investors Affidavits in the limited manner in which it did in its MSJ Opinion.

In any event, Defendants have not in fact established that the Court erred when it excluded those affidavits because they were not sworn or made under penalty of perjury. *See* MSJ Opinion at 2 n.3. Defendants do not contest that the affidavits were unsworn and not made under penalty of perjury, nor do they actually contest that the Court had the discretion not to consider them. *See* Mot. at 2–3, 8. Instead, they maintain that "[p]ursuant to Fed. R. Civ. P. 56(e)(1), the Court had the discretion to give Defendants 'an opportunity to properly support or address the fact'" and therefore "could have allowed Defendants to cure what it perceived as a an evidentiary defect in the supporting letters by requiring their resubmission." *Id.* at 2 & n.2. But asserting that the Court *could have* allowed Defendants to cure the deficiency with the letters does not militate the conclusion that the Court erred in not doing so. Consistent with that, Defendants cite no caselaw suggesting that courts err when they do not give parties the opportunity to cure evidentiary defects at summary judgment. *See* Mot.

Defendants' extremely belated claim that it is unjust for the Court not to allow them to cure the affidavit deficiencies and request to cure those deficiencies now[7] is rendered even more incredible by the fact that the Court already exercised its discretion to excuse some of Defendants' numerous failures to comply with procedural rules at summary judgment. For instance, as the Court explained in its MSJ Opinion, Defendants submitted a response to the SEC's statement of undisputed material facts, D.E. 115, that was "completely devoid of the record citations required by Local Civil Rule 56.1—consisting instead almost exclusively of bald and conclusory assertions 'disputing' a statement," and Defendant's brief in opposition to the SEC's motion for summary judgment, D.E. 122-1, was "similarly devoid of record citations (or even citations to their deficient

---

[7] The Court notes that after being put on notice of the SEC's challenge to Defendants' Investor Affidavits in the SEC's summary judgment reply filed in November 2024, *see* D.E. 120 at 6, Defendants could have requested to resubmit these affidavits but apparently chose not to. *See* Dkt.

[response to the SEC's statement of undisputed facts]) that could assist this Court in identifying disputed facts—except for one citation each to the three exhibits Defendants submitted. . . ." MSJ Opinion at 2–3 n.3. Although the Court could have deemed admitted all of the facts in the SEC's statement of undisputed material facts, the Court exercised its discretion not to do so and considered the entire record—including declarations submitted by Defendants similar to the Reconsideration David Declaration and the Reconsideration Kafes Declaration—in deciding the SEC's summary judgment motion. *See id.* But the Court's exercise of discretion to excuse some of Defendants' previous failures does not somehow create an obligation for the Court to endlessly continue to do so. The Court's decision to exclude Defendants' Investor Affidavits—made in accordance with clear Third Circuit law[8]—was therefore not erroneous.

Any suggestion that the Court's disparate treatment of Defendants' and the SEC's Investor Affidavits resulted in manifest injustice is similarly unavailing. The SEC's Investor Affidavits were sworn; Defendants' were not. The SEC chose to challenge the admissibility of Defendants' Investor Affidavits, *see* D.E. 120 at 6; Defendants chose not to do the same for the SEC's, *see supra* n.7. Because, as explained *supra* Section II.A, "[i]t is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices . . . [nor] to rescue parties from their own errors," *Conway*, 2009 WL 1492178, at *7, the Court will not rescue Defendants from their own choices or errors with respect to their Investor Affidavits here.

---

[8] *See* MSJ Opinion at 2–3 n.3 (citing *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 323 (3d Cir. 2005)); *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019) ("We conclude that because [the] statement was both unsworn and not given under the penalty of perjury, it was insufficient to create an issue of fact on summary judgment.").

## III.    CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS**, on this **6th** day of February 2026,

**ORDERED** that Defendants' Motion, D.E. 133, is **DENIED**.


_____
Evelyn Padin, U.S.D.J.